# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-22604-GAYLES/OTAZO-REYES

MILKA ELENA CASTRO,

      Plaintiff,

        v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

      Defendant.

_____/

## ORDER

This cause came before the Court on Magistrate Judge Alicia Otazo-Reyes's Report and Recommendation ("Report") [ECF No. 24], entered on August 1, 2018. In her Report, Judge Otazo-Reyes recommends that: (1) Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration's ("the Commissioner") Motion for Summary Judgment be granted; (2) Plaintiff Milka Elena Castro's ("Plaintiff") Motion for Summary Judgment [ECF No. 17] be denied; and (3) the Commissioner's decision denying Plaintiff's eligibility for disability benefits be affirmed. Plaintiff has filed Objections to the Report. [ECF No. 25]. The Court has carefully considered the written submissions, the record, and the applicable law. For the reasons that follow, Plaintiff's Objections are overruled and the Report is affirmed and adopted in full.

## I. LEGAL STANDARD

When reviewing an Administrative Law Judge's ("ALJ") decision, the Court's role is to determine whether substantial evidence supported that decision. *See* 42 U.S.C. § 405(g); *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999). Substantial evidence is less than a

preponderance, but is "more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1998). When determining if substantial evidence exists, the Court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court is not, however, permitted to reweigh the evidence the ALJ considered. *Bridges v. Bowen*, 815 F.2d 319, 321 (11th Cir. 1989). The Court must reverse the decision only if the ALJ fails to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). Otherwise, this Court must affirm the decision of an ALJ that is supported by substantial evidence, "[e]ven if [the Court] find[s] that the evidence preponderates against the [Commissioner's] decision." *Bloodsworth v. Heckler*, 703 F.3d 1233, 1239 (11th Cir. 1983).

Unlike the deferential standard of review that applies to the Commissioner's findings of fact, "[n]o presumption of validity attaches to the [Commissioner's] determination of the proper legal standards to be applied in evaluating claims." *Bridges*, 815 F.2d at 624. "Failure to apply the correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." *McDaniel v. Bowen*, 800 F.2d 1027, 1030 (11th Cir. 1986) (citation omitted).

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009).

**II. DISCUSSION**

Plaintiff makes three objections to the Report: (1) the Report's finding that the ALJ properly weighed the medical opinion evidence presented; (2) the Report's finding that the ALF properly weighed Ms. Castro's subjective testimony; and (3) the Report's finding that the residual functional capacity ("RFC") assessment was supported by substantial evidence. Each is discussed in turn.

**A. Assessment of Medical Opinion Evidence in the Record**

ALJs are required to "state with particularity the weight accorded to a treating physician's opinion." *Short v. Comm'r Social Security Admin.*, 581 F. App'x. 754, 756 (11th Cir. 2014) ("When the ALJ fails to state with at least some measure of clarity the grounds for the decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion.") (internal quotations and citations omitted). "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [] impairment(s), including [] symptoms, diagnosis and prognosis, what [Plaintiffs] can still do despite impairment(s), and [] physical or mental restrictions." 20 CFR § 404.1527(a)(2). Although testimony of treating physicians must be given "substantial or considerable" weight, ALJs may discount that testimony if "good cause" exists to do so. *Crawford v. Comm'r*, 363 F.3d 1155, 1159 (11th Cir. 2004) (citing *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (internal quotations omitted). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241.

*a. Dr. Hassan*

Dr. Hassan was Plaintiff's treating physician. He completed two separate assessments of her mental health, first in 2014 and then again in 2016. [ECF No. 25 at 10-11]. Plaintiff argues that the Report was wrong to accept the ALJ's conclusions that portions of Dr. Hassan's report were due differing levels of deference because of inconsistencies with the record evidence.

As the Report points out, the ALJ stated with particularity the weight she assigned to each of Dr. Hassan's mental assessments, as well as the weight to which she assigned individual portions of the assessments. The ALJ did so by reviewing, in depth, the reasons for her decision. She explained that she accorded different weights to portions of Dr. Hassan's First Mental Assessment, noting that cumulatively, it was because certain opinions "were inconsistent with the record as a whole." [ECF No. 24 at 21]. The ALJ then pointed to specific facts that made these opinions inconsistent. She followed the same procedure with the Second Mental Assessment, assigning a portion "partial weight" and detailing the specific facts that made that portion inconsistent with the record. Thus, the ALJ has given specific facts that support her conclusions, and these are entitled to deference.

*b. Drs. Hamlin and Bell*

Plaintiff argues that the ALJ inappropriately gave greater weight to reports from Drs. Hamlin and Bell, two physicians the Commissioner used as outside consultants to review Plaintiff's case. Plaintiff did not raise these claims in her Motion for Summary Judgment before Judge Otazo-Reyes, and thus, this Court need not consider them here. *Jackson v. Astrue*, No. 3:08-CV-461-J-34TEM, 2009 WL 3756321, at *3 (M.D. Fla. Nov. 6, 2009) (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge")).

Regardless, to the extent that Plaintiff argues that the reports of Drs. Hamlin and Bell merely provide more context for the review of the error in dismissing the reports from Dr. Hassan, this Court disagrees. As explained above, the ALJ explained that she found other evidence in the record inconsistent with Dr. Hassan's conclusions. *Supra*, at 4. The ALJ therefore demonstrated good cause for not giving controlling weight to Dr. Hassan's conclusions. Moreover, the ALJ also explained the reasons for giving the consultant's opinions controlling weight: the opinions were consistent with the record.

### B.  Ms. Castro's Subjective Statements

Plaintiff argues that Ms. Castro's subjective statements were not afforded the weight they deserved. Plaintiff also argues that her statements were not "inconsistent with the objective medical evidence of record," and that her statements aligned with the Dr. Hassan's medical reports.

Both the ALJ and the Report, however, found evidence to conclude that Dr. Hassan's testimony was inconsistent. [ECF No. 24 at 24]. And the Report found that the ALJ did not err in assessing Dr. Hassan's opinion evidence because substantial evidence existed to support the ALJ's conclusions. *Brito v. Comm'r, Soc. Sec. Admin.*, 687 F. App'x 801, 804 (11th Cir. 2017) (noting that "the ALJ was not required to examine or reference every piece of evidence, so long as it is evident, as it is here, that the ALJ considered Brito's medical condition as a whole"). The ALJ pointed to inconsistencies in the record regarding Plaintiff's allegations of intensity and persistency of symptoms, as well as their limiting effects, with particularity. [ECF No. 24 at 25-26]. Thus, because substantial evidence supported how the ALJ weighed Ms. Castro's subjective statements, and because the ALJ had previously supported her decision to accord differing weight to Dr. Hassan's testimony, this Court finds no error in the Report's acceptance of those conclusions.

## C. The RFC Assessment

An RFC documents the most a plaintiff can do in a work setting, considering the physical, mental, sensory, and other abilities affected by her impairments. 20 C.F.R. §§ 416.945(b), (c), (d). The ALJ will consider all relevant medical and other evidence—including a plaintiff's impairments and any related symptoms—in making the RFC assessment, including impairments not considered "severe." 20 C.F.R. §§ 416.945(a)(2), 416.945(e). Plaintiff disputes whether the RFC assessment was supported by substantial evidence. The only support Plaintiff offers is that the ALJ and the Report "erred in assessing the opinion evidence of record." [ECF No. 25 at 12]. But as set forth above, the conclusions of the ALJ and the Report were supported by substantial evidence and, thus, the Court finds no error in the RFC. *See Brito*, 687 F. App'x at 804–05 (finding no error where objections to the RFC were based solely on assertions that the ALJ weighed testimony incorrectly and substantial evidence existed to affirm the ALJ's conclusions).

## III. CONCLUSION

The Court has reviewed the Report, the record, and the applicable law *de novo*. In light of that review, the Court agrees with the analysis and recommendations stated in the Report.

Accordingly, it is **ORDERED AND ADJUDGED** that

1) Plaintiff's Objections to the Magistrate's Report and Recommendations on Cross-Motions for Summary Judgment [ECF No. 25] are **OVERRULED**;

2) The Report is **AFFIRMED AND ADOPTED**;

3) Defendant's Motion for Summary Judgment [ECF No. 22] is **GRANTED**;

4) Plaintiff's Motion for Summary Judgment [ECF No. 17] is **DENIED**;

5) This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of September, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE